IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHARLES L. WARREN                                          PLAINTIFF

v.                      CIVIL NO. 18-3036

NANCY A. BERRYHILL, Commissioner
Social Security Administration                           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Charles L. Warren, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current applications for DIB and SSI on June 29, 2015, alleging an inability to work since May 3, 2013, due to panic attacks, asthma, chronic back pain, shoulder pain, neck pain, degenerative disc disease, depression and arthritis in the chest and neck. (Tr. 107-108, 254, 261). For DIB purposes, Plaintiff maintained insured status through December 31, 2014. (Tr. 21). An administrative hearing was held on March 16, 2017, at which Plaintiff appeared with counsel and testified. (Tr. 66-104).

By written decision dated July 6, 2017, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 24).

1

Specifically, the ALJ found Plaintiff had the following severe impairments: fracture of sternum bone with malunion; degenerative disc disease of C3-C4-C5-C6-C7 with bulging discs at C5-C6 and C6-C7; degenerative disc disease at L5-S1; and depression. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 24). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can only occasionally reach overhead and can perform only simple tasks with simple instructions.

(Tr. 25). With the help of a vocational expert, the ALJ determined Plaintiff could work as a public area attendant, a counter clerk, a dealer accounts investigator, and a cotton classer aide. (Tr. 30-31).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 22, 2018. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the

record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 4th day of June 2019.

                                                /s/ *Erin L. Wiedemann*
                                                HON. ERIN L. WIEDEMANN
                                                UNITED STATES MAGISTRATE JUDGE